OPINION
{¶ 1} Plaintiff-appellant, TP Mechanical Contractors, Inc. ("TP Mechanical"), appeals from the judgment of the Franklin County Court of Common Pleas denying its *Page 2 
request for a permanent injunction and related relief against defendants-appellees, the Franklin County Board of Commissioners and its individual members ("commissioners" or "appellees"). Because we conclude that this appeal is moot, we dismiss.
 {¶ 2} This action arises as a result of TP Mechanical's unsuccessful bid for plumbing and heating, ventilation, and air conditioning ("HVAC") work in connection with the construction of the Huntington Park Baseball Stadium (the "Project") in Franklin County, Ohio. The Project is, in part, publicly funded and is subject to Ohio's competitive bidding laws. Therefore, Ohio law requires that contracts for work on the Project be obtained through competitive bidding and be awarded to the "lowest and best bidder." R.C. 307.90(A). In October 2007, the commissioners issued a Project Manual for Bids to Perform, which included an Invitation to Bid and Contract Documents ("Invitation to Bid") for bid package 3. Among the contracts encompassed by bid package 3 were the plumbing and HVAC contracts. In addition to inviting individual bids for the plumbing and HVAC contracts, the Invitation to Bid permitted contractors to submit a combined, single bid for both the plumbing and HVAC work. The Project Manual identified Turner Construction Company ("Turner") as the Project's Construction Manager and Nationwide Realty Investors ("NRI") as the Owner's Representative.
 {¶ 3} TP Mechanical submitted bids for stand-alone plumbing and HVAC contracts, as well as for a combined plumbing and HVAC contract. TP Mechanical's bid for a combined contract was the lowest submitted and was lower than any aggregation of separate bids for stand-alone plumbing and HVAC contracts. TP Mechanical also submitted the lowest stand-alone HVAC bid, but its stand-alone plumbing bid was not the lowest. In its bid submissions, TP Mechanical certified that it had not been "found *Page 3 
by the state (after all appeals) to have violated prevailing wage laws more than three times in a two-year period in the last ten years" and acknowledged that certification.
 {¶ 4} As part of the post-bid scope review process, TP Mechanical completed a Responsible Bidder Information Form, which, in part, requested that TP Mechanical indicate all of its prevailing wage violations or judgments within the last four years. In response, TP Mechanical attached a list of 16 prevailing wage judgments from 2002, outside the four-year period requested, and a single prevailing wage settlement from 2004. TP Mechanical did not disclose any prevailing wage violations after 2004. Turner and NRI recommended that the commissioners award the combined plumbing and HVAC contract to TP Mechanical as the "lowest and best" bidder.
 {¶ 5} On December 6, 2007, Richard Myers, Assistant Director of Public Facilities Management for Construction for Franklin County, contacted TP Mechanical and suggested that the commissioners were leaning toward awarding separate plumbing and HVAC contracts.[1] Myers inquired whether TP Mechanical would accept a stand-alone HVAC contract, but also told TP Mechanical that Turner and NRI were still pushing for acceptance of its combined bid.
 {¶ 6} On December 10, 2007, "in order to complete the recommendation of [TP Mechanical]," Myers instructed Turner to request additional information from TP Mechanical regarding its supply of labor. At trial, Myers agreed that, because TP Mechanical was not a union contractor, he wanted additional information to ensure that it could perform the work. Myers also admitted that he did not request similar *Page 4 
information from any other contractor. TP Mechanical complied with the request and provided the additional information in a letter dated December 11, 2007.
 {¶ 7} On December 18, 2007, during the commissioners' general session, Deputy County Administrator Bill Flaherty recommended awarding the combined plumbing/HVAC contract to TP Mechanical upon the recommendations of Turner and NRI. Franklin County Prosecutor Ron O'Brien also stated that Myers, Assistant Prosecutor Nick Soulas, and Flaherty, having met with NRI and Turner, recommended awarding the combined contract to TP Mechanical. Myers knew of TP Mechanical's 17 prevailing wage violations from 2002 and 2004 before recommending the award to TP Mechanical on December 18, 2007. NRI's Vice President, Jim Rost, assured the commissioners that Turner and NRI "have very, very aggressively looked into * * * [TP Mechanical's] ability to comply with all the bid requirements, including the quality contracting standards. We have found no reason not to award this contract to TP Mechanical for the combined bid, and in fact * * * we believe that they'll do a very good job on the project, based on their track record."
 {¶ 8} Despite those recommendations, Commissioner Brown moved to table the resolution awarding the combined contract based on "some information that still needs to be checked out." According to Myers, Commissioner Brown was referring to information concerning TP Mechanical's prevailing wage law compliance. The record contains a letter and documents, purportedly faxed and mailed to the commissioners on December 18, 2007, from Laser [Legal and Safety Employer Research], Inc., detailing alleged OSHA violations by TP Mechanical and its predecessor entities and listing four prevailing wage complaints from 2005 against TP Mechanical. The commissioners unanimously voted to table the resolution. *Page 5 
 {¶ 9} On or about January 2, 2008, NRI informed TP Mechanical that the commissioners had instructed it to award a stand-alone plumbing contract to W.G. Tomko ("Tomko"), the out-of-state, union contractor who submitted the lowest bid for the stand-alone plumbing contract. NRI further informed TP Mechanical that it had been directed to "scope" the next two bidders on the HVAC contract. (Tr. 118.)
 {¶ 10} On January 4, 2008, Myers issued a letter to TP Mechanical, rejecting its bid for the HVAC contract based on TP Mechanical's failure to satisfy Section 8.2.4.15 of the Invitation to Bid. Section 8.2.4 requires the lowest responsive bidder for a contract to provide "information the Project Representative deems appropriate to the consideration of factors showing that such Bidder's bid is best," including, at Section 8.2.4.15, "[information that the Bidder has not been debarred from public contracts or found by the state (after all appeals) to have violated prevailing wage laws more than three times in a two-year period in the last ten years." Attached to the January 4, 2008 letter were documents detailing five 2005 prevailing wage complaints against TP Mechanical, including the four identified by Laser, Inc., that TP Mechanical had not disclosed. The letter states that, because "[t]he attached information demonstrates that [TP Mechanical] has been found by the State of Ohio to have violated the State's prevailing wage laws more than three times in a two-year period within the last ten years," TP Mechanical "is not eligible for award of this contract." TP Mechanical was not given separate written notice that its bid for a combined contract had been rejected.
 {¶ 11} TP Mechanical filed this action for injunctive relief and declaratory judgment on January 7, 2008, based on the commissioners' announced intention to award a stand-alone plumbing contract to Tomko, despite Turner and NRI's recommendations to award a combined contract to TP Mechanical. TP Mechanical *Page 6 
requested a declaratory judgment that the commissioners' award of the plumbing contract to Tomko constituted an abuse of discretion, that the commissioners' decision to not award the contract to TP Mechanical was unlawful, that TP Mechanical's bid was the "lowest and best," that the commissioners violated the Invitation to Bid by not rejecting all bids, that the commissioners violated Ohio law and the Invitation to Bid by not following specified bid protest procedures, and that the combined contract should be awarded to TP Mechanical. TP Mechanical also requested injunctive relief, including an injunction to prohibit the commissioners from awarding the plumbing or HVAC contracts to another contractor.
 {¶ 12} On January 7 and 8, 2008, the trial court held conferences with counsel and representatives of TP Mechanical and appellees. At the conclusion of the January 8 conference, the trial court directed appellees to refrain from completing the award of, and from formally executing, a plumbing contract with Tomko, even though appellees' counsel advised the court that the commissioners had approved the Tomko contract at their meeting earlier that day. The court further directed that representatives of the county and TP Mechanical meet "to substantially satisfy the intent of [the bid rejection procedures in] Franklin County's `Invitation to Bid and Contract Documents'" and to specifically address concerns about TP Mechanical's status as a responsive bidder.
 {¶ 13} At the commissioners' January 8, 2008 General Session, during which the commissioners voted 2-to-1 to award the plumbing contract to Tomko, Commissioner Kilroy responded to a question regarding the separation of the plumbing and HVAC contracts. The minutes of that meeting reflect Commissioner Kilroy's response, in part, as follows: *Page 7 
 We have been going through bid documents here, and trying to make sure that all the contractors in all of our projects live up to these [quality contracting] standards. In some instances we try to quantify violations, in other words, in other places we might look for the, whether or not a violation is willful or not.
 * * * And, when we looked at the standards that we had, for how we quantify when prevailing wage violations would cause a bid to be rejected, [TP Mechanical] did not meet that standard.
 * * *
 So we are trying to remain focused on the values of our community and I think this Resolution highlights our commitment, that we are not going to sacrifice quality, we will continue to do business * * * with companies that meet our quality contracting standards adopted in 2002. Because [TP Mechanical] did not meet our quality contracting standards, standards that would provide the hundreds of people working on this job with fair wages, health insurance, retirement and a safe working environment, we are unable to consider them as a responsive bidder.
Commissioner Brooks voted against the award because she did not believe "the business case has been made in terms of de-linking the [plumbing and HVAC] contracts."
 {¶ 14} On January 10, 2008, TP Mechanical met with county representatives Don Brown, James Goodenow, and Richard Myers in accordance with the trial court's directive that a meeting be held to substantially satisfy the intent of the bid rejection procedures outlined in the Invitation to Bid. The meeting lasted approximately one and a half hours, after which the county representatives met with the commissioners, who announced, in another 2-to-1 decision, their affirmation of the Tomko plumbing contract.
 {¶ 15} On January 11, 2008, over TP Mechanical's objections, the trial court proceeded with a consolidated preliminary injunction hearing and trial on the merits. *Page 8 
Before commencing trial, the court quashed subpoenas for trial testimony that TP Mechanical had issued to the commissioners.
 {¶ 16} On January 14, 2008, the trial court announced its decision on the record and issued a written opinion and final judgment entry denying TP Mechanical's request for injunctive relief and dismissing TP Mechanical's complaint. The trial court also denied TP Mechanical's motion, filed that morning, to amend its complaint to assert additional claims.
 {¶ 17} TP Mechanical filed a timely notice of appeal and presently asserts the following assignments of error:
 I. The trial court erred as a matter of law when it did not find that the [commissioners'] rejection of [TP Mechanical's] low bid was arbitrary, capricious and an abuse of discretion.
 II. The trial court erred as a matter of law when it incorrectly failed to consider the de minimis nature and extent of TP Mechanical's alleged prevailing wage settlements, and whether debarment from Franklin County projects for a period of ten years is wholly disproportionate to the alleged offense, should not be considered by the Court when assessing whether the Commissioners had abused their discretion.
 III. The trial court erred when it prevented TP Mechanical from eliciting testimony from the Commissioners that a subjective analysis has been used in the past and was used to evaluate noncompliance with the County's quality contracting criteria.
 IV. The trial court erred in determining that the Commissioners did not abuse their discretion in considering undisclosed and illegal criteria when rejecting TP Mechanical's bid in order to steer the contract to a union contractor.
 V. The trial court erred in determining that the Commissioners did not abuse their discretion when they violated their own Invitation to Bidders. III. *Page 9 
 VI. The trial court erred by not allowing TP Mechanical to amend its Complaint.
 VII. The trial court erred by not allowing TP Mechanical an opportunity to conduct discovery before "trial".
 {¶ 18} Before turning to the merits of this appeal, we address appellees' motion to dismiss the appeal as moot. TP Mechanical filed a memorandum in opposition, and this court issued a journal entry stating that the motion to dismiss would be submitted for determination with the merits of this appeal.
 {¶ 19} Appellees argue that TP Mechanical's appeal is moot because, due to TP Mechanical's failure to obtain a stay of execution of the trial court's judgment or injunction pending appeal and the commencement of construction, the requested relief cannot be granted. See Redmon v.City Council of City of Columbus, Franklin App. No. 05AP-466,2006-Ohio-2199; Schuster v. City of Avon Lake, Lorain App. No. 03CA008271, 2003-Ohio-6587. In response, TP Mechanical argues that this appeal is not moot because the trial court's decision may affect future events or otherwise have collateral consequences for TP Mechanical. SeeIn re Watts (Jan. 11, 1999), Washington App. No. 97CA650 (reviewing a parent's appeal from a finding that her children were dependent despite the parent having regained custody of her children, noting that "[a]n appeal may not be moot if there are collateral consequences to the judgment being appealed"); State v. Wilson (1975), 41 Ohio St.2d 236, syllabus (holding that a criminal defendant's appeal of a conviction is not moot, despite voluntary payment of the fine or completion of the sentence, where the defendant will suffer some collateral disability or loss of civil rights from judgment or conviction). TP Mechanical also argues that review is appropriate because this dispute is one that is capable of repetition, yet evading review. See In re Appeal ofSuspension of Huffer from Circleville High School *Page 10 
(1989), 47 Ohio St.3d 12, syllabus. A case is capable of repetition where there is a reasonable expectation that the complaining party will again be subjected to the same action. State ex rel. Beacon JournalPublishing Co. v. Donaldson (1992), 63 Ohio St.3d 173, 175.
 {¶ 20} This court has consistently held that, where an appeal involves construction, the appellant fails to obtain a stay of execution of a trial court's ruling or an injunction pending appeal, and construction commences, the appeal is rendered moot. Redmon (dismissing appeal arising from variance dispute where construction had already occurred);Nextel West Corp. v. Franklin Cty. Bd. of Zoning Appeals, Franklin App. No. 03AP-625, 2004-Ohio-2943 (dismissing zoning appeal where telecommunications tower had already been constructed). Here, there is no question that the specific construction at issue is, at least, substantially complete. Nor can it be disputed that TP Mechanical failed to obtain a stay of execution of the trial court's ruling or an injunction pending appeal. Therefore, under this court's precedent, this appeal has been rendered moot.
 {¶ 21} To the contrary, as we noted, TP Mechanical contends that, given appellees' interpretation of the quality contracting standards, there is a reasonable possibility that it will again be subjected to the same actions at issue here and will be effectively eliminated from Franklin County contracts for a period of ten years as a result of the trial court's decision. We conclude, however, that appellees' interpretation of the standards, as applied to the contract at issue now, does not preclude TP Mechanical from submitting bids in the future, nor does it preclude a future board of county commissioners from applying a different interpretation. *Page 11 
 {¶ 22} But even if TP Mechanical is subjected to the same actions on a future bid, it would not necessarily be precluded from obtaining review of these same issues, as long as a timely stay of execution or injunction pending appeal is obtained. See, e.g., State ex rel.Associated Builders Contractors of Cent. Ohio v. Franklin Cty. Bd. ofCommrs., Franklin App. No. 08AP-301, 2008-Ohio-2870, discretionary appeal allowed (Dec. 3, 2008), 2008-Ohio-6166 (addressing the merits of an unsuccessful bidders' appeal). And we do not consider whether it would be precluded from bringing an action for other types of relief. See Mechanical Contractors Assn. of Cincinnati, Inc. v. Univ. ofCincinnati, 152 Ohio App.3d 466, 2003-Ohio-1837, ¶ 23-24, citingKajima/Ray Wilson v. Los Angeles Cty. Metro. Transp. Auth. (2000), 23 Cal.4th 305, 315-319, fns. 5 and 6 (identifying statutory and common law grounds for recovery of bid preparation costs in other jurisdictions). But, see, Cementech, Inc. v. City of Fairlawn,109 Ohio St.3d 475, 2006-Ohio-2991, syllabus ("[w]hen a municipality violates competitive-bidding laws in awarding a competitively bid project, the rejected bidder cannot recover its lost profits as damages").
 {¶ 23} Based on the foregoing, we conclude that this appeal is moot, and we grant appellees' motion to dismiss. Accordingly, we dismiss this appeal.
Motion to dismiss granted, appeal dismissed.
BRYANT and GREY, JJ., concur.
GREY, J., retired, of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] The record contains e-mails from Myers as early as November 21, 2007, five days after the bid opening and prior to TP Mechanical's scope review, suggesting the award of separate plumbing and HVAC contracts. *Page 1