Per Curiam.
{¶ 1} This case arises from a grant of summary judgment in favor of totes/Isotoner Corporation, LaNisa Allen’s employer, on a discrimination complaint arising out of the Ohio Fair Employment Practices Act, R.C. Chapter 4112, as amended by the Pregnancy Discrimination Act, 138 Ohio Laws, Part I, 1430, 1431-1432. We originally accepted Allen’s discretionary appeal, which sought review of the issue whether Ohio law prohibits an employer from discriminating against a female employee because of or on the basis of lactation. For the reasons stated below, we find that summary judgment was properly granted for appellee, totes/Isotoner Corporation (“Isotoner”), against appellant, LaNisa Allen, on her claims for wrongful termination. Accordingly, we affirm the judgment of the court of appeals.
{¶ 2} In its opinion affirming the grant of summary judgment to the employer, the Twelfth District Court of Appeals ruled that Allen had failed to establish a prima facie case of sex discrimination on the basis of pregnancy, and it concluded that Allen’s termination does not violate Ohio public policy against discrimination on the basis of pregnancy. The appellate court ruled that Allen “was simply and plainly terminated as an employee at will for taking an unauthorized, extra break.” Allen v. totes/Isotoner (Apr. 7, 2008), Butler App. No. CA2007-08-196, ¶ 3.
{¶ 3} Allen admitted in her deposition that for approximately two weeks, she had taken breaks without her employer’s knowledge or authorization to do so and that her supervisor had told her that she was being terminated for her failure to “follow directions.”
{¶ 4} As a general matter, if a plaintiff establishes a prima facie case of disparate-treatment employment discrimination under R.C. Chapter 4112, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its treatment of the plaintiff. See, e.g., Plumbers & Steamfit *217 ters Joint Apprenticeship Commt. v. Ohio Civ. Rights Comm. (1981), 66 Ohio St.2d 192, 197-198, 20 O.O.3d 200, 421 N.E.2d 128; St. Mary’s Honor Ctr. v. Hicks (1993), 509 U.S. 502, 506-507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (analyzing the federal employment-discrimination statute). The ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the plaintiff based upon an impermissible category remains on the plaintiff. Id. at 507, 113 S.Ct. 2742, 125 L.Ed.2d 407.
{¶ 5} Legitimate, nondiscriminatory reasons in Ohio law include insubordination. Hood v. Diamond Prods., Inc. (1996), 74 Ohio St.3d 298, 302, 658 N.E.2d 738. If the employer carries its burden of articulating a legitimate, nondiscriminatory reason for its employment decision, the plaintiff must prove that the employer’s stated nondiscriminatory reasons were a pretext for impermissible discrimination. Id.; see also St. Mary’s Honor Ctr., 509 U.S. at 519, 113 S.Ct. 2742, 125 L.Ed.2d 407. If an employment-discrimination plaintiff fails to establish a triable factual issue on an essential element of her case, summary judgment for the employer is appropriate. See, e.g., Simpson v. Des Moines Water Works (C.A.8, 2005), 425 F.3d 538, 542.
{¶ 6} In this case, the evidence in the record demonstrates that Allen took unauthorized breaks from her workstation, and Isotoner discharged her for doing so. Thus, the record as it was developed in the trial court fails to provide a basis from which a jury could conclude that Isotoner’s articulated legitimate, nondiscriminatory reason for Allen’s termination — failure to follow directions — was a pretext for discrimination based on Allen’s pregnancy or a condition related to her pregnancy. This determination defeats Allen’s sex-discrimination claim under R.C. 4112.02 as a matter of law, and, accordingly, the trial court properly granted summary judgment to Isotoner. Consequently, this court does not reach the issue whether alleged discrimination due to lactation is included within the scope of Ohio’s employment-discrimination statute, R.C. 4112.02, as sex discrimination under R.C. 4112.01(B).
{¶ 7} Because summary judgment was properly entered against Allen, we affirm the judgment of the court of appeals.
Judgment affirmed.
Lundberg Stratton, O’Donnell, and Cupp, JJ., concur.
Moyer, C.J., and O’Connor, J., concur in judgment only.
Pfeifer, J., dissents.
Lanzinger, J., would dismiss the appeal as having been improvidently accepted.