THE STATE EX REL. GAYLOR, INC. *v.* GOODENOW, DIR., ET AL.

[Cite as *State ex rel. Gaylor, Inc. v. Goodenow*,

125 Ohio St.3d 407, 2010-Ohio-1844.]

*Mandamus — Respondents abused discretion in rejecting construction bid — Writ of mandamus granted ordering respondents to reinstate and reevaluate relator's bid.*

(No. 2010-0330 — Submitted April 23, 2010 — Decided April 29, 2010.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is an action for a writ of mandamus ordering a board of county commissioners, the individual commissioners, and the director and assistant director of the county department of public facilities management to consider whether a low bid for a construction contract on a public-works project is the best bid without reliance on their unlawful finding that the low bidder had previously violated prevailing-wage law and to reinstate the bid and reconsider it under the applicable criteria. Because the company submitting the low bid has established its entitlement to the requested extraordinary relief based on our recent decision in *State ex rel. Associated Builders & Contrs. of Cent. Ohio v. Franklin Cty. Bd. of Commrs.*, 125 Ohio St.3d 112, 2010-Ohio-1199, 926 N.E.2d 600, we grant the writ.

**Facts**

{¶ 2} Franklin County is constructing a new animal shelter and adoption center. The Franklin County Department of Public Facilities Management issued an invitation to bid for the electrical-systems package of the project. At Section 8.2.4 of the county's invitation to bid, the construction manager is required to

obtain from the lowest responsive bidder any information the project representative "deems appropriate to the consideration of factors showing that such Bidder's bid is the best," including 25 specified criteria.

{¶ 3} One of these 25 criteria is listed in Section 8.2.4.15 as "[i]nformation that the Bidder has not been debarred from public contracts or found by the state (after all appeals) to have violated prevailing wage laws more than three times in a two-year period in the last ten years." Notwithstanding the language in the county's invitation to bid, the county treats the prevailing-wage violations of Section 8.2.4.15 as dispositive, and it ignores other factors once it determines that a bidder has violated prevailing-wage laws more than three times in a two-year period in the last ten years.

{¶ 4} Relator, Gaylor, Inc. ("Gaylor"), is a commercial electrical company with locations in several states, including Ohio. On November 23, 2009, Gaylor submitted the lowest bid for the project's electrical-systems contract.

{¶ 5} By letter dated December 28, 2009, respondent Richard E. Myers, the assistant director of the Franklin County Department of Public Facilities Management, notified Gaylor that the county had rejected its bid because Gaylor "has been found by the State of Ohio to have violated the State's prevailing wage laws more than three times in a two-year period within the last ten years" and was thus ineligible for the award. The county's determination that Gaylor had violated prevailing-wage law was based on its own review and investigation of Ohio Department of Commerce records, even though the department has never found that Gaylor violated prevailing-wage law. All of Gaylor's alleged violations were unintentional underpayments that it had settled without admitting liability or any administrative or judicial finding of liability.

{¶ 6} Pursuant to Section 8.3.1.1 of the county's invitation to bid, Gaylor submitted a written protest to the county's rejection of its bid and requested a

meeting on its protest. The meeting was held on January 14, 2010, and Gaylor submitted additional evidence to support its contention that it had never been found by the state to have violated prevailing-wage law. On February 9, 2010, respondent James A. Goodenow, director of the Franklin County Department of Public Facilities Management, denied Gaylor's protest and affirmed the county's rejection of its bid on the electrical-systems portion of the county animal-shelter project. The county's rejection of Gaylor's bid was based solely on the county's interpretation of Section 8.2.4.15 despite having no evidence that Gaylor had been found by any administrative or judicial authority to have violated prevailing-wage law; the county did not consider any of the other criteria.

{¶ 7} On February 22, Gaylor filed this original action for writs of prohibition and mandamus against the individual Franklin County commissioners as well as the director and assistant director of the Franklin County Department of Public Facilities Management. Gaylor also filed a motion for an emergency stay and an expedited alternative writ. The next day, February 23, the Franklin County Board of Commissioners awarded the electrical-systems contract for the county animal-shelter project to Jess Howard Electric, Inc., for about $100,000 more than Gaylor's bid, executed the contract, and issued a notice to the company to proceed.

{¶ 8} On March 12, we dismissed Gaylor's prohibition claim and denied its motion for an emergency stay and expedited alternative writ insofar as the motion was based on the prohibition claim. *State ex rel. Gaylor, Inc. v. Goodenow*, 124 Ohio St.3d 1511, 2010-Ohio-919, 923 N.E.2d 154. We also granted an alternative writ on Gaylor's mandamus claim, allowed Gaylor to file an amended complaint to name the Franklin County Board of Commissioners as an additional respondent, and stayed respondents from "enforcing or proceeding on their decisions disqualifying relator's bid and awarding the contract to an alternate contractor pending the court's resolution of relator's mandamus claim."

Id. Gaylor filed an amended complaint to name the board as a defendant, and we extended the stay to the board. *State ex rel. Gaylor, Inc. v. Goodenow*, 124 Ohio St.3d 1513, 2010-Ohio-959, 923 N.E.2d 156. Upon respondents' motion for clarification of the stay, we specified that respondents "are precluded from taking any action or authorizing any contractor to act in connection with this case until further order of this court." *State ex rel. Gaylor, Inc. v. Goodenow*, 124 Ohio St.3d 1515, 2010-Ohio-1030, 923 N.E.2d 157.

{¶ 9} The parties have now submitted evidence and briefs on Gaylor's remaining mandamus claim. This case is now before the court for our consideration of the merits. Because respondents claim that no construction on the county animal-shelter project can proceed until this case is resolved, we expedite our determination.

### Legal Analysis

*Mootness*

{¶ 10} Respondents argue that this mandamus complaint should be dismissed as moot because the electrical-systems contract has already been awarded to another contractor. A " 'case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " *Los Angeles Cty. v. Davis* (1979), 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642, quoting *Powell v. McCormack* (1969), 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491. "It is not the duty of the court to answer moot questions, and when, pending proceedings * * * in this court, an event occurs, without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition * * *." *Miner v. Witt* (1910), 82 Ohio St. 237, 92 N.E. 21, syllabus.

{¶ 11} Conversely, if an actual controversy exists because it is possible for a court to grant the requested relief, the case is not moot, and a consideration of the merits is warranted. *Allen v. Totes/Isotoner Corp.*, 123 Ohio St.3d 216,

4

2009-Ohio-4231, 915 N.E.2d 622, ¶ 18 (O'Connor, J., concurring); *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 7. In a construction-related case, if an unsuccessful bidder seeking to enjoin the construction of a public-works project fails to obtain a stay of the construction pending judicial resolution of its claims challenging the decision, and construction commences, the unsuccessful bidder's action will be dismissed as moot. See generally *TP Mechanical Contrs., Inc. v. Franklin Cty. Bd. of Commrs.*, Franklin App. No. 08AP-108, 2008-Ohio-6824, ¶ 20, and cases cited therein.

{¶ 12} This case is not moot. Gaylor filed this action challenging the county's rejection of its low bid on the electrical-systems contract for the county animal-shelter project and sought a stay of respondents' actions on February 22, which was before the board awarded the contract to another contractor. And although the board did, in fact, award the electrical-systems contract to another bidder on February 23, which preceded our March 12 stay, respondents have introduced no evidence that the other contractor commenced construction pursuant to the awarded contract before we issued the stay.

{¶ 13} In this regard, respondents claim in their merit brief that "construction activities were commenced by Jess Howard Electric prior to the stay being issued" and cite an affidavit attached to their emergency motion for an expedited briefing schedule to support this statement. But the cited evidence for this statement does not support it; instead, it merely states that the court's stay of the electrical-systems contract effectively prevented other contractors from proceeding. Gaylor previously rebutted a comparable unsupported claim made by respondents in their motion for clarification by stating in its memorandum in opposition: "[The county] argues that * * * another contractor started performing the work (*with no evidence that that has happened*)." (Emphasis added.) Yet respondents still failed to submit evidence that the other bidder had commenced construction on the electrical-systems contract before we issued the stay. And the

contractor that was awarded the project did not seek leave to intervene in this case to oppose Gaylor's claim. Therefore, this case is not moot and our stay of respondents' actions has kept Gaylor's mandamus claim viable. Cf. *TP Mechanical Contrs.*, 2008-Ohio-6824, at ¶ 20.

{¶ 14} Therefore, we proceed to address the merits of Gaylor's mandamus claim.

*Mandamus*

{¶ 15} Gaylor seeks a writ of mandamus to compel respondents to fully and fairly consider whether its low bid was the best bid, without reliance on their unlawful finding that Gaylor had previously violated prevailing-wage law, and to reinstate Gaylor's bid to fully and fairly consider it. To be entitled to the writ, Gaylor must establish a clear legal right to the requested relief, a corresponding clear legal duty on the part of respondents to provide it, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 119, 2009-Ohio-4805, 914 N.E.2d 397, ¶ 11.

{¶ 16} We have generally recognized mandamus as the appropriate remedy to correct an abuse of discretion by a public board in a decision that is not appealable. See *State ex rel. Morgan v. State Teachers Retirement Bd. of Ohio*, 121 Ohio St.3d 324, 2009-Ohio-591, 904 N.E.2d 506, ¶ 20. Gaylor has no appeal from the county's rejection of its bid and the board's award of the contract to another bidder.

{¶ 17} More specifically, we have held that mandamus is available to remedy an abuse of discretion by a board of county commissioners in its decision to award a competitively bid public-works contract. See *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 550, 605 N.E.2d 378, citing *State ex rel. Executone of Northwest Ohio, Inc. v. Commrs. of Lucas Cty.* (1984), 12 Ohio St.3d 60, 12 OBR 51, 465 N.E.2d 416 ("*Executone* is authority for the dismissal of a complaint that attacks the decision of a board of county

commissioners to award a contract, *but does not allege an abuse of discretion*" [emphasis added]). A board's use of unannounced criteria to reject a bid on a public-works contract constitutes an abuse of discretion that is remediable in mandamus. *Hanson*, 65 Ohio St.3d at 550, 605 N.E.2d 378.

{¶ 18} Therefore, respondents' reliance on cases like *State ex rel. Al Monzo Constr. Co., Inc. v. Warren Bd. of Control* (1961), 172 Ohio St. 370, 16 O.O.2d 220, 176 N.E.2d 427, in arguing that Gaylor has an adequate remedy at law by prohibitory injunction or appeal, is misplaced. Notably, *Al Monzo* was cited in the dissenting opinion in *Hanson*. See *Hanson*, 65 Ohio St.3d at 553, 605 N.E.2d 378 (Holmes, J., dissenting). And a common pleas court action would not constitute an adequate remedy in the ordinary course of law, because Gaylor seeks extraordinary relief in the nature of a mandatory injunction to compel respondents to apply the criteria in a lawful fashion in assessing whether its bid for the electrical-systems contract is the lowest and best bid under R.C. 307.90(A). See *State ex rel. Deiter v. McGuire*, 119 Ohio St.3d 384, 2008-Ohio-4536, 894 N.E.2d 680, ¶ 25.

{¶ 19} Finally, on the remaining issue of whether respondents abused their discretion in rejecting Gaylor's bid, we recently resolved this issue by holding that the county's practice of misapplying Section 8.2.4.15 of its evaluation criteria to companies – like Gaylor – that had not been found by the state, after all appeals, to have violated prevailing-wage laws, constituted an abuse of discretion. *State ex rel. Associated Builders & Contrs. of Cent. Ohio v. Franklin Cty. Bd. of Commrs.*, 125 Ohio St.3d 112, 2010-Ohio-1199, 926 N.E.2d 600. Respondents concede this point in the parties' joint stipulations. And as in the rejection of the bid in *Associated Builders* at ¶ 39, based on its erroneous application of Section 8.2.4.15 of its evaluation criteria to reject Gaylor's bid, the county failed to apply the other criteria to assess the propriety of Gaylor's bid. Respondents' misapplication of one criterion and their failure to consider other

criteria in rejecting Gaylor's bid is similar to the board's use of unannounced criteria to reject a bid on a public-works contract that we held resulted in a potentially viable mandamus claim in *Hanson*, 65 Ohio St.3d at 550, 605 N.E.2d 378.

{¶ 20} Based on the foregoing, Gaylor has established its entitlement to the requested writ to compel the reinstatement of its bid and a reevaluation of it based on the applicable criteria without reliance on Section 8.2.4.15. Insofar as Gaylor now requests that a writ of mandamus also be granted to compel respondents to award the electrical-systems contract on the county animal-shelter project to Gaylor, it is not entitled to this relief because it did not timely amend its complaint to include a request for it and it is ultimately the board's determination under R.C. 307.90(A) whether Gaylor is the lowest and best bidder. See *State ex rel. Repository v. Nova Behavioral Health, Inc.*, 112 Ohio St.3d 338, 2006-Ohio-6713, 859 N.E.2d 936, ¶ 41 (court need not address merits of claim that was not raised in complaint or sought to be raised in an amended complaint; the parties' evidence was submitted based on claims raised in the complaint, and there was no indication that the parties consented to the trial of the new claim). We deny Gaylor's motion for leave to file a second amended complaint.

## Conclusion

{¶ 21} Therefore, we grant Gaylor a writ of mandamus to compel respondents to reinstate its bid and to determine whether, based on the applicable criteria, without reliance on Section 8.2.4.15, Gaylor is the lowest and best bidder for the electrical-systems contract of the county animal-shelter project. If the respondents ultimately so determine, they shall rescind the award of the contract to the other bidder and award the contract to Gaylor.

Writ granted.

LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

PFEIFER, ACTING C.J., and LANZINGER, J., dissent for the reasons stated in the dissenting opinion of PFEIFER, J., in *State ex rel. Associated Builders & Contrs. of Cent. Ohio v. Franklin Cty. Bd. of Commrs.,* 125 Ohio St.3d 112, 2010-Ohio-1199, 926 N.E.2d 600.

The late CHIEF JUSTICE THOMAS J. MOYER did not participate in the decision in this case.

_____

The Copley Law Firm, L.L.C., Michael F. Copley, Kenley S. Maddux, Mark E. Landers, and Adam F. Florey, for relator.

Ron O'Brien, Franklin County Prosecuting Attorney, Nick A. Soulas Jr., First Assistant Prosecuting Attorney, and Anthony E. Palmer Jr. and Patrick J. Piccininni, Assistant Prosecuting Attorneys, for respondents.

_____