[Cite as *Suburban Maintenance & Constr., Inc. v. Dept. of Transp.*, 2012-Ohio-3993.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SUBURBAN MAINTENANCE & CONSTRUCTION, INC.

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-08709

Judge Clark B. Weaver Sr.

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On February 1, 2012, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff filed a response on March 9, 2012. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶ 4} Plaintiff alleges that defendant violated competitive bidding laws by rejecting a bid that plaintiff submitted for a project to make improvements to Interstate Route 76 in Summit County. Plaintiff seeks injunctive and declaratory relief, as well as damages for bid preparation costs.

{¶ 5} Defendant contends that the case is moot in light of the commencement and completion of the project, and that plaintiff cannot establish the elements necessary to sustain a common law claim for bid preparation costs pursuant to *Meccon, Inc. v. Univ. of Akron*, 126 Ohio St.3d 231, 2010-Ohio-3297.

{¶ 6} It is undisputed that in March 2011, defendant advertised for bids on the project, that plaintiff submitted such a bid on April 21, 2011, and that on April 28, 2011, defendant notified plaintiff that its bid had been rejected on the ground that plaintiff lacked sufficient pre-qualifications. There is also no dispute that plaintiff promptly submitted a formal objection to its bid being rejected, that defendant selected another bidder with whom it entered into a contract on May 13, 2011, and that on May 18, 2011, defendant issued a response to plaintiff's objection wherein it affirmed the rejection of plaintiff's bid.

{¶ 7} Defendant's motion is accompanied by an affidavit from Gary Angles, defendant's State Construction Engineer, wherein he authenticates a project document which shows that construction commenced on June 6, 2011, and was completed on September 29, 2011. Plaintiff filed its complaint in this matter on June 17, 2011.

{¶ 8} "As a general matter, courts will not resolve issues that are moot." *In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, ¶11 (10th Dist.). A "'case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979), quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "In a construction-related case, if an unsuccessful bidder seeking to enjoin the construction of a public-works project fails to obtain a stay of the construction pending judicial resolution of its claims challenging the

decision, and construction commences, the unsuccessful bidder's action will be dismissed as moot." *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, ¶11; *see also TP Mechanical Contrs., Inc. v. Franklin Cty. Bd. of Commrs.*, 10th Dist. No. 08AP-108, 2008-Ohio-6824.

{¶ 9} Upon review of the memoranda and supporting materials submitted by the parties, the court concludes that plaintiff filed its complaint after construction commenced and that the project has since been completed, and, accordingly, plaintiff's claims for equitable relief are moot.

{¶ 10} With respect to plaintiff's claim for bid preparation costs, the Supreme Court of Ohio has held: "When a rejected bidder establishes that a public authority violated state competitive-bidding laws in awarding a public-improvement contract, that bidder may recover reasonable bid-preparation costs as damages *if that bidder promptly sought, but was denied, injunctive relief* and it is later determined that the bidder was wrongfully rejected and injunctive relief is no longer available." *Meccon*, *supra,* syllabus. (Emphasis added.)

{¶ 11} It is undisputed that plaintiff filed its complaint one month after defendant contracted

{¶ 12} with another bidder, and indeed after construction commenced. Inasmuch as plaintiff's claim for injunctive relief had been rendered moot by the time the complaint was filed, as set forth above, the only reasonable conclusion to be drawn is that plaintiff failed to seek such relief within the extent of time necessary to support a claim for bid preparation costs under *Meccon*.

{¶ 13} Based on the foregoing, the court concludes that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. All previously scheduled events are VACATED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Jeffrey L. Maloon              Michael B. Fesler
Assistant Attorney General      P.O. Box 33009
150 East Gay Street, 18th Floor    North Royalton, Ohio 44133
Columbus, Ohio 43215-3130

001

Filed May 1, 2012
To S.C. Reporter August 31, 2012