[Cite as *Meccon, Inc. v. Univ. of Akron*, 2012-Ohio-6334.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MECCON, INC., et al.

      Plaintiffs

      v.

THE UNIVERSITY OF AKRON

      Defendant

Case No. 2008-08817

Judge Alan C. Travis
Magistrate Lewis F. Pettigrew

JUDGMENT ENTRY

{¶ 1} Plaintiffs, Meccon, Inc. and Ronald Bassak (Meccon), brought this action against defendant, The University of Akron (Akron), alleging that Akron wrongfully awarded a public improvement contract in violation of the competitive bidding processes prescribed by the Ohio Revised Code.

{¶ 2} The case was remanded to this court in *Meccon v. Univ. of Akron*, 126 Ohio St.3d 231, 2010-Ohio-3297. Upon remand, the case was tried to a magistrate of the court. On July 9, 2012, the magistrate issued a decision recommending judgment in favor of defendant. On the same date, pursuant to Civ.R. 53(D)(4)(e)(i), the court adopted the magistrate's recommendation and entered judgment for defendant.

{¶ 3} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed." On July 23, 2012, plaintiffs filed their objections to the decision of the magistrate adopted by the court.

Portions of the trial transcript were previously filed with the court on March 26, 2012. On August 9, 2012, with leave of court, defendant filed its response.

{¶ 4} The procedural history of this case was set forth in the magistrate's decision. In summary, on August 6, 2008, Meccon filed both a verified complaint and a motion for a temporary restraining order. After a hearing on Meccon's motion, this court granted Akron's motion to dismiss for lack of subject matter jurisdiction and Meccon's appeal eventually reached the Supreme Court of Ohio. *See id.*

{¶ 5} In its decision, the Supreme Court of Ohio stated:

{¶ 6} "We conclude that reasonable bid-preparation costs may be recovered if the rejected bidder promptly sought but was denied a timely injunction to suspend the public-improvement project pending resolution of the dispute and a court later determines that the bidder was wrongfully rejected by the public authority but injunctive relief is no longer available because the project has already been started or is completed under a contract awarded to another bidder.

{¶ 7} "* * *

{¶ 8} "Injunctive relief must be promptly sought as a precondition to those damages, however. The university contends that Meccon waited two full months after the bids were opened to seek injunctive relief. Meccon states that it requested injunctive relief four business days after it learned that the university had awarded the plumbing, fire-protection, and HVAC contracts in violation of the state's competitive-bidding laws. Whether Meccon was timely in its pursuit of injunctive relief satisfying this precondition for an award of its bid-preparation costs as damages is a matter that has

not yet been addressed by any court.  Consequently, a remand to the Court of Claims to consider this matter is required."  *Id.* at ¶ 1, 20.[1]

{¶ 9} The magistrate found that Meccon knew on or before June 13, 2008, both that Akron intended to award the HVAC contract to S.A. Comunale in violation of R.C. 9.31 and that Meccon was the next lowest bidder for the HVAC contract.  Accordingly, the magistrate found that Meccon's right to seek injunctive relief arose on June 13, 2008, at the latest.  Because Meccon did not file its claim for injunctive relief until August 6, 2008, the magistrate determined that Meccon did not "promptly seek" injunctive relief.

{¶ 10} In its objections, Meccon asserts that the factual findings made by the magistrate "are absurd" and that the decision "makes a mockery of the judicial system." With due respect to counsel, the court must disagree with that characterization.

{¶ 11} Meccon's objections appear to be based upon its belief that it had no duty to seek injunctive relief until Akron gave it "official notification of its decision to illegally award the contract to S.A. Comunale."  (Meccon's Objections, p. 3.)  Because Meccon filed suit four business days after it received Akron's July 26, 2008 letter, Meccon reasons that it fulfilled its obligation to promptly seek injunctive relief.

{¶ 12} In *Meccon, supra*, the Supreme Court of Ohio drew from the "well-established  principle of mitigation of damages" in holding that a wrongfully rejected bidder must first seek injunctive relief before recovering bid preparation costs.  *Id.* at ¶ 14.  "For if injunctive relief is timely granted, then a wrongfully rejected bidder will have avoided the damages that would otherwise flow from the public authority's wrongful conduct by preventing the improper awarding of the contract or suspending the contract before it has been performed to such an extent that the bid award is no longer subject to

---

[1] In the court's April 12, 2011 decision, plaintiffs' motion for summary judgment was granted, in part, and the court found that defendant violated R.C. 9.31 by awarding the HVAC contract to S.A. Comunale.

timely correction." *Id.* Further, the wrongfully rejected bidder must pursue injunctive relief in a "timely and good-faith manner" in order to be able to recover bid preparation costs. *Id.* at ¶ 15.

{¶ **13**} Injunctive relief serves an important function. "It is clear that in the context of competitive bidding for public contracts, injunctive relief provides a remedy that prevents excessive costs and corrupt practices, as well as protects the integrity of the bidding process, the public, and the bidders. Moreover, the injunctive process and the resulting delays serve as a sufficient deterrent to a municipality's violation of competitive-bidding laws." *Cementech, Inc. v. City of Fairlawn*, 109 Ohio St.3d 475, 2006-Ohio-2991, ¶ 11. However, a party seeking the extraordinary remedy of injunction must act promptly. "In a construction-related case, if an unsuccessful bidder seeking to enjoin the construction of a public-works project fails to obtain a stay of the construction pending judicial resolution of its claims challenging the decision, and construction commences, the unsuccessful bidder's action will be dismissed as moot." *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, ¶ 11, citing *TP Mechanical Contrs. v. Franklin Cty. Bd. of Commrs.,* 10th Dist. No. 08AP-108, 2008-Ohio-6824, ¶ 20.

{¶ **14**} The necessary corollary to timely injunctive relief is that the aggrieved party act promptly in seeking that relief. Hence, it is the obligation of a wrongfully rejected bidder who knows that a public authority violated state competitive-bidding laws in awarding a public-improvement contract to act "promptly" and seek injunctive relief. *Meccon, supra*. If the rejected bidder fails to act promptly and the successful bidder commences to work on the project, injunctive relief is not available. *See State ex rel. Gaylor, supra.*

{¶ **15**} At trial, Ronald Bassak, president of Meccon, Inc., agreed that shortly after the June 3, 2008 opening of the bids, he knew S.A. Comunale could not perform the plumbing contract as bid. (Excerpt of testimony of Ronald Bassak, Transcript, p. 46-

47.) As a result, Bassak contacted David Pierson of Akron and pointed out that if S.A. Comunale were to withdraw the plumbing bid, the company would be ineligible to maintain any of their other bids, including their HVAC bid. (Bassak Transcript, p. 48.) This conversation and Bassak's awareness of the problem occurred "just after" June 3, 2008. (Bassak Transcript, p. 50.) On June 13, 2008, several days after the bids were opened and following his telephone call to Akron, Bassak followed up by writing a letter to Akron protesting the decision to award S.A. Comunale the HVAC contract. (Plaintiffs' Exhibit 9.) Bassak conceded that he knew that S.A. Comunale's bid "was against the law." (Bassak Transcript, p. 89-90.) Thus, from the evidence before the court, it is uncontested that somewhere between the opening of the bids on June 3, 2008, and Bassak's protest letter of June 13, 2008, Meccon was aware that there were irregularities in the bids of S.A. Comunale and that an award of a contract to that bidder would be unlawful.

{¶ 16} During this time, S.A. Comunale, as low bidder, began preparing to undertake the public improvement project. Sherman Mattocks, S.A. Comunale's vice president and manager of the mechanical HVAC, testified that as of August 6, 2008, S.A. Comunale was 80 percent mobilized on site. Further, Mattocks explained that S.A. Comunale had executed contracts with contractors, its employees had expended 512 man hours, and it had purchased materials by August 6, 2008.

{¶ 17} Contrary to Meccon's view, the time to "promptly" seek injunctive relief did not begin when Meccon received "official notification" from Akron that S.A. Comunale was awarded the contract. The time for prompt legal action is when the rejected bidder becomes aware that an unlawful bid has been declared the low and successful bid. By June 13, 2008, Meccon was aware that awarding the contract to S.A. Comunale would violate the terms of the competitive bidding law. Once Meccon was aware that the legality of the S.A. Comunale bid was at issue, Meccon was obligated to take legal action to prevent the execution of that contract. By waiting until the successful bidder had purchased equipment and materials, and thereby had begun the initial phase of the

project, Meccon failed to act promptly to enjoin the illegalities of which it now complains. *See Gaylor, supra; Suburban Maintenance & Constr., Inc. v. Ohio Dept. of Transp.,* Ct. of Cl. No. 2011-08709, 2012-Ohio-3993.

{¶ 18} Meccon also objects to the magistrate's "undetermined tangent" relating to protest procedures. Meccon argues that the magistrate erred in stating that "[t]here is no question in this case that Meccon's bid was rejected because it was not the lowest bid." (Decision of the Magistrate, p. 7.) S.A. Comunale was apparently the lowest bidder on the HVAC bid and Meccon was the second lowest bidder. Further, Meccon contends that it promptly sought injunctive relief because it received Akron's July 26, 2008 letter relieving Meccon of its bid guaranty on July 30, 2008, and filed its complaint on August 6, 2008. As previously discussed, the court agrees with the magistrate's determination that Meccon did not promptly seek injunctive relief because of the knowledge it had, on or before June 13, 2008, of the award of the contract to S.A. Comunale. Accordingly, Meccon's objection shall be overruled.

{¶ 19} Finally, Meccon objects to the case law cited in the magistrate's decision to support the assertion that a court must find when the party seeking injunctive relief received actual or constructive knowledge of the impending injury to determine when the right to such relief arose. The magistrate cited *Ohio Hosp. Assn. v. Ohio Bur. of Workers' Comp.,* 10th Dist. No. 06AP-471, 2007-Ohio-1499, and *Ohio Civ. Rights Comm. v. Triangle Real Estate Servs.,* 10th Dist. No. 06AP-157, 2007-Ohio-1809. Inasmuch as this is a case of first impression, no case law exists as to the precise timing required for a rejected bidder to "promptly" seek injunctive relief. The magistrate's use of the signal "see" before the citations indicates that an inference must be made to support the assertion. The court finds that such examples are instructive in determining when the time begins to "promptly" seek injunctive relief. As stated above, promptly seeking injunctive relief is necessary in order to mitigate damages and such timing began when Meccon became aware that an award to S.A. Comunale would be

unlawful.  Accordingly, the court finds that Meccon's objection is without merit and it shall be overruled.

{¶ 20} Upon review of the record, the transcript, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law.  Plaintiffs' objections are OVERRULED.  Therefore, pursuant to Civ.R. 53(D)(4)(e)(i), the court hereby "adheres to the judgment previously entered."

_____
ALAN C. TRAVIS
Judge

cc:

Andrew R. Fredelake
Peter D. Welin
240 North Fifth Street, Suite 300
Columbus, Ohio 43215

Gabe J. Roehrenbeck
41 South High Street, Suite 1700
Columbus, Ohio 43215-6101

Mark R. Wilson
William C. Becker
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Michael W. Currie
6235 Westerville Road, Suite 200
Westerville, Ohio 43081

007
Filed September 21, 2012
To S.C. Reporter January 28, 2013