[Cite as *State v. Schormuller*, 2013-Ohio-2043.]

# THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-L-124** |
| ELISABETH SCHORMULLER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Painesville Municipal Court, Case No. 12 CRB 2022.

Judgment:  Appeal dismissed.

*Jeffrey J. Holland,* Holland & Muirden, 1343 Sharon-Copley Road, P.O. Box 345, Sharon Center, OH  44274 (For Plaintiff-Appellee).

*Mark A. Ziccarelli*, Ziccarelli & Martello, 8754 Mentor Avenue, Mentor, OH  44060 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}  Appellant, Elisabeth Schormuller, appeals from the judgment of the Painesville Municipal Court, ordering a forfeiture of companion animals that were subject to an underlying cruelty to animals charge.  For the reasons discussed below, we dismiss the appeal as moot.

{¶2}  Appellant was charged with seven misdemeanor counts of cruelty to animals in violation of both R.C. 959.13(A)(1) and (C)(1).  The subject animals were

seized and two notices of impound were served upon appellant. A probable cause hearing was held after which the trial court concluded there was probable cause to believe the subject animals were victims of cruelty due to neglect. The trial court ordered appellant to submit a cash deposit of $7,205 for the care and keeping of the animals from the date of the seizure to the date of the hearing. Appellant submitted that amount; however, appellant later failed to post an additional deposit of $10,200.

{¶3} Appellee subsequently filed a notice of forfeiture and the trial court ordered the same. Appellant moved to stay the forfeiture, which the trial court denied. Appellant filed a notice of appeal relating to the forfeiture. The remaining criminal charges remain pending.

{¶4} Appellee filed a motion to dismiss the appeal for lack of a final appealable order, to which appellant duly responded. After considering the parties' positions, this court denied appellee's motion to dismiss. In support, this court determined the trial court's order of forfeiture did, in effect, determine the action regarding the provisional remedy and prevented a judgment in favor of appellant with regard to that remedy. This court further determined that if appellant's animals were euthanized, sold, or otherwise disposed of, they could neither be individually replaced nor would their market value be a truly "meaningful and effective" form of redress. Thus, pursuant to R.C. 2505.02(B)(4), this court concluded the order of forfeiture was a final appealable order.

{¶5} On April 1, 2013, appellee filed a second motion to dismiss appellant's appeal, advising this court that, due to the lack of a stay, the impounding agency has either placed the subject animals in adoptive homes or otherwise disposed of them. Thus, appellee maintained, the underlying appeal is moot because there has been a

final disposition of the subject animals that would prevent reclaiming them and, as a result, the forfeiture order no longer enveloped a live controversy. On April 30, 2013, appellant filed a memorandum in opposition.

{¶6} A case is moot when there is no longer a matter in controversy or the parties have no legally cognizable interest in the outcome. *See e.g. State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, ¶10. No actual controversy exists where a case has been rendered moot by an outside event that makes it impossible for the court to grant any relief. *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133 (1991). Under such circumstances, a court should dismiss the case. *Goodenow*, *supra*.

{¶7} In its motion to dismiss, appellee attached an affidavit of Jennifer Sperry, Humane Agent for the Lake Humane Society. Ms. Sperry averred she assisted in the investigation in the underlying criminal matter. She further averred that the 34 animals seized from appellant's residence have been either adopted by third parties or no longer in the custody of the Humane Society. According to Ms. Sperry, therefore, the animals are no longer available for appellant's reclamation.

{¶8} Appellant's appeal was premised upon the trial court's purported failure to adhere to the requisite procedures in entering an order of forfeiture of the subject animals. In allowing the appeal to proceed, this court concluded appellant would not be afforded a meaningful and effective remedy if the animals could no longer be returned to her. Appellant, however, did not move this court for a stay of the forfeiture order. The judgment on forfeiture has been executed and, as a result, the animals have been removed from the care and custody of the Humane Society. These events have made it

3

impossible for this court to grant appellant the relief she was ultimately seeking; namely, a judgment that would, at least temporarily, ensure the animals would remain available for her reclamation in the event the trial court erred in rendering its order. Appellant's appeal of the trial court's judgment on forfeiture is therefore moot.

{¶9} The appeal is hereby dismissed.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.

4