DORRIAN, J., concurring in part and dissenting in part.
 

 {¶ 23} I concur in part and dissent in part from the opinion of the majority. I respectfully dissent and would sustain the first and second assignments of error as to appellant's request for (1) declaratory judgment that Resolution 496-16 was unlawful and void (Amended Complaint at ¶ 40(d)); and (2) writ of mandamus ordering that the Commissioners unlawfully passed Resolution 496-16 (Amended Complaint at ¶ 49).
 

 {¶ 24} I would reject appellee's argument that appellant's requested relief is moot because it was directed solely at the bidding phase of the contract which was completed. The claims outlined above address more than the bidding phase of the contract. They address the actual award of the contract. Furthermore, I would reject appellee's argument that appellant's requested relief is moot because performance has already begun on the contract. The authority to which appellee cites in support of this argument involved public contracts for construction.
 
 See
 

 State ex rel. Gaylor, Inc. v. Goodenow
 
 ,
 
 125 Ohio St.3d 407
 
 ,
 
 2010-Ohio-1844
 
 ,
 
 928 N.E.2d 728
 
 , ¶ 11, citing
 
 TP Mechanical Contrs., Inc. v. Franklin Cty. Bd. of Commrs.
 
 , 10th Dist. No. 08AP-108,
 
 2008-Ohio-6824
 
 ,
 
 2008 WL 5381926
 
 , ¶ 20 ("In a
 
 construction-related case
 
 , if an unsuccessful bidder seeking to enjoin the construction of a public-works project fails to obtain a stay of the construction pending judicial resolution of its claims challenging the decision, and construction commences, the unsuccessful bidder's
 action will be dismissed as moot."). (Emphasis added.) Appellees point to no authority that mootness applies for this reason in non-construction-related cases, and it is not clear to me that the same logic would apply to the facts of this case.
 

 {¶ 25} Finally, I note that Exhibit A, attached to appellant's brief, reveals that while appellant agreed that appellee's motion for continuance, pursuant to Civ.R. 56(F), was moot, appellant informed the court that the parties "have agreed to very limited discovery and have a deposition scheduled for March 1 [2017]." Notwithstanding, being aware that the parties had worked out a discovery schedule, the trial court granted appellee's motion for summary judgment on February 14, 2017.
 

 {¶ 26} Therefore, as to these limited claims for relief only, I would find the trial court erred in finding them to be moot. I would reverse and remand these claims and instruct the trial court to allow appellant to complete discovery regarding the same. Accordingly, I would sustain the first and second assignments of error. I would not address the third assignment of error as to these limited claims as to do so would be premature until after discovery is completed.