[Cite as *Doe v. Clermont Cty. Pros.*, 2020-Ohio-4627.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| JOHN DOE, | : | |
| Appellant, | : | CASE NO. CA2020-01-007 |
| | : | O P I N I O N |
| - vs - | | 9/28/2020 |
| | : | |
| CLERMONT COUNTY PROSECUTOR, | : | |
| Appellee. | : | |

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2019 MISC 18

Murphy Landen Jones PLLC, Kevin L. Murphy, 2400 Chamber Center Drive, Suite 200, Fort Mitchell, Kentucky, 41017, for appellant

D. Vincent Faris, Clermont County Prosecuting Attorney, G. Ernie Ramos, Jr., Jeannette E. Nichols, 101 East Main Street, Batavia, Ohio 45103, for appellee

**PIPER, J.**

{¶1} Appellant, John Doe, appeals a decision of the Clermont County Court of Common Pleas denying his application to inspect sealed criminal records.[1]

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar for purposes of issuing this opinion.

{¶2} In February 2018, Doe was tried on criminal charges and the trial resulted in a hung jury. Doe was tried a second time in August 2018, and a jury found him not guilty. Thereafter, the trial court granted Doe's application to seal the records from the criminal proceedings against him.

{¶3} Between the first and second trials, Doe was suspended by the university he was attending. The university had provided a flash drive to the state containing materials pertinent to the criminal case against Doe. However, Doe was not given a copy of the materials contained on the flash drive.

{¶4} After Doe's acquittal, he petitioned the trial court to inspect his criminal records, including the materials on the flash drive. The trial court construed Doe's request as a public records request and ordered Doe to file an amended application. Doe filed the amended application asking to review a grand jury subpoena and documents sent by the university to the prosecutor. The trial court denied the request. Doe then appealed the trial court's decision denying his application. During the pendency of the appeal, and two days after Doe filed his appellate brief, the state produced the requested documents.

{¶5} "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, ¶ 10. A claim is not moot if it is capable of repetition, yet evading review. *State ex rel. Law Office of Montgomery Cty. Pub. Defender v. Rosencrans*, 111 Ohio St.3d 338, 2006-Ohio-5793, ¶ 16. "This exception applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Dispatch Printing Co. v. Geer*, 114 Ohio St.3d 511, 2007-Ohio-4643, ¶ 10.

{¶6} The record indicates that the Clermont County Prosecuting Attorney produced the subpoena issued to Doe's former university, the contents of the flash drive the university provided to the state, as well as the letter the university sent to the prosecutor with the flash drive.[2] This production was responsive to Doe's request and constituted the records in the state's possession. Thus, Doe was given the documents he requested and the matter has been rendered moot.

{¶7} In addition to the issue now being moot, there is no concern that Doe's request is capable of repetition but evading review. There is no reasonable expectation that Doe will be subject to the same action because he has been tried, found not guilty by a jury, and subsequently acquitted. Thus, he will not face the same charges to which the requested documents relate. Moreover, it is unreasonable to expect that Doe will be charged in a subsequent criminal case that would subject him to similar criminal charges or would require him to again request the subpoenaed records. Therefore, the exception to the mootness doctrine is inapplicable in the case sub judice.

{¶8} Doe's appeal is dismissed as moot.

M. POWELL, P.J., and RINGLAND, J., concur.

---

2. The parties discussed the production of documents during oral arguments before this court, and Doe does not deny that the documents have been produced. While Doe argues that there is no way to know whether the prosecutor produced *all* relevant documents, the record does not indicate in any way that there are additional documents the prosecutor failed to produce. Doe insists that an order is necessary because he distrusts the prosecutor's compliance. However, an order, at this point, would be duplicative of the state's compliance and would not resolve Doe's distrust. Doe also raised the issue of attorney fees to demonstrate that the issue is not moot. However, the issue of attorney fees was raised for the first time in Doe's reply brief, and thus cannot be considered a proper assignment of error on appeal. *State v. Renfro*, 12th Dist. Butler No. CA2011-07-142, 2012-Ohio-2848, ¶ 28.