STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

IN THE MATTER OF D.C.                )
                                     )
        MINOR/APPELLANT              )
                                     )        CASE NO. 14 BE 27
                                     )
                                     )           OPINION
                                     )
                                     )
                                     )

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Court of Common
                                 Pleas, Juvenile Division of Belmont
                                 County, Ohio
                                 Case No. 13 JA 558

JUDGMENT:                        Dismissed as Moot

APPEARANCES:
For Plaintiff-Appellant          Attorney Charlyn Bohland
                                 Assistant Public Defender
                                 250 East Broad Street, Suite 1400
                                 Columbus, Ohio 43215

For Defendant-Appellee           Attorney Daniel P. Fry
                                 Belmont County Prosecutor
                                 Attorney Scott Lloyd
                                 Assistant Prosecutor
                                 147-A West Main Street
                                 St. Clairsville, Ohio 43950

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: February 29, 2016

DeGENARO, J.

{¶1} This appeal filed by the Office of the Public Defender on behalf of D.C., Minor-Appellant herein, challenges the Belmont County Juvenile Court's decision which allegedly failed to credit D.C. for the total amount of time he was confined at the juvenile detention center and a juvenile residential center. As D.C. completed his DYS commitment and is no longer on any form of supervision, this appeal is moot.

{¶2} At 15 years of age D.C. was adjudicated a delinquent child for committing arson, a first-degree felony if committed by an adult. On September 10, 2013, the juvenile court committed D.C. to the Ohio Department of Youth Services for a minimum period of one year, maximum to his 21st birthday; but, suspended the commitment on the condition that he successfully complete the program at Oakview Juvenile Rehabilitation Center.

{¶3} After D.C. failed to comply with the program at Oakview, the juvenile court reimposed D.C.'s commitment to DYS and granted only 23 days of detention credit. D.C. entered DYS on February 21, 2014.

{¶4} Counsel for D.C. filed a motion to modify his sentence. On May 2, 2014, The Ohio Office of the Public Defender also began representing D.C. and on May 2, 2014, filed a "Notice of Limited Appearance and Motion for Recalculation of Detention Credit" arguing that he did not receive credit for a period of time served at the Sargus Juvenile Center and at Oakview.

{¶5} On May 6, 2014, the juvenile court granted D.C.'s motion and again suspended the sentence to DYS and ordered D.C. back to Oakview, but denied the Ohio Public Defender's motion to recalculate D.C.'s detention credit.

{¶6} Although D.C. was released from DYS on May 6, 2014, the Ohio Public Defender appealed the juvenile court's order denying detention credit recalculation.

{¶7} On July 31, 2015, the State filed a notice with this court that D.C. was no longer in "any detention facility, DYS or otherwise. He is off parole and no longer on any form of probation or supervision." D.C. conceded that he was "no longer under juvenile court supervision" and "this Court's ruling would not impact his case."

{¶8} In his sole assignment of error, D.C. asserts:

The juvenile court erred when it failed to grant D.C. credit for the total amount of time he was confined at the Sargus Juvenile Center and Oakview Juvenile Residential Center relative to his offense, in violation of R.C. 2152.18(B); Fifth and Fourteenth Amendments to the U.S. Constitution; and Article I, Section 16, Ohio Constitution.

{¶9} This Court stated in *State ex rel Cordray v. Basinger*, 7th Dist. 09 MA 119, 2010-Ohio-4870, ¶80:

> A case may be moot when there is no longer a "live" issue to be determined, or when "the parties lack a legally cognizable interest in the outcome." *Allen v. totes/Isotoner Corp.*, 123 Ohio St.3d 216, 2009-Ohio-4231, 915 N.E.2d 622, at ¶17, quoting *Los Angeles Cty. v. Davis* (1979), 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642. An action is only moot when it would be impossible to provide meaningful relief even in a ruling in favor of the party seeking relief. *Id.* at ¶18. However, an action will not be moot if an actual controversy still exists between adverse litigants. *State ex rel. The Plain Dealer v. Ohio Dept. of Ins.*, 80 Ohio St.3d 513, 517-518, 1997-Ohio-75, 687 N.E.2d 661.

{¶10} D.C. acknowledges that the case is moot, but nonetheless invokes an exception to the mootness doctrine. D.C. contends that due to the short average commitment for children at DYS, coupled with the lengthy period of appellate review, the issue will escape review, necessitating the exception here and resolution on the merits. Although D.C. relies on *State v. Neville*, 7th Dist. No. 03 BE 06, 2004-Ohio-6840, to support applying the exception here, that case is not on point and involved jail time credit while the adult defendant was awaiting extradition.

{¶11} This case is moot. D.C. was released from DYS nearly a month before this appeal was filed. Detention credit is irrelevant because D.C. was discharged and is not in a juvenile detention facility, nor is D.C. under any form of supervision.

**{¶12}** Contrary to the Ohio Public Defender's argument, the present issue is not one that is capable of repetition and yet will evade review. This exception applies only in rare circumstances when two factors are both present: "(1) the challenged action is too short in duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231, 2001-Ohio-142, 729 N.E.2d 1182. As D.C. is no longer a juvenile, there is no expectation that he will be subject to the same scenario.

**{¶13}** Accordingly, D.C.'s assignment of error is moot and this appeal is dismissed.

Waite, J., concurs

Robb, J., concurs

APPROVED:

_____

Mary DeGenaro, Judge