[Cite as *State v. Hendon*, 2017-Ohio-352.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

ERIC HENDON

    Appellee

    and

R. B.

    Appellant

C.A. Nos.     28067
                   28119

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 12-01-0120 (A)

DECISION AND JOURNAL ENTRY

Dated: January 31, 2017

---

SCHAFER, Judge.

{¶1} Victim-Appellant, R.B., appeals the judgments of the Summit County Court of Common Pleas ordering that her medical records be disclosed to defense counsel and the State and also that she communicate certain personal information to her attorney, who was subsequently compelled to disclose that information to the trial court and a third party. We dismiss the instant appeals as moot.

I.

{¶2} The Summit County Grand Jury indicted Appellee-Defendant, Eric Hendon, on three counts of aggravated murder in violation of R.C. 2903.01, with death penalty

specifications, one count of attempted murder in violation of R.C. 2903.02, and a number of other charges. The matter then proceeded through the pretrial process.

{¶3} Prior to trial, the defense filed several motions requesting that the trial court order R.B. to disclose certain information and produce certain personal items. R.B. filed an objection to the release of the requested information and items on the grounds that: (1) Hendon was attempting to utilize an improper avenue to obtain discovery from a third party; (2) Hendon was seeking privileged and confidential information protected by state and federal law; and (3) Hendon had no constitutional right to seek pretrial discovery from non-parties. The State also objected to the release of the requested information and personal items on the basis that Hendon's motions failed to comply with state and local rules and constituted a continued victimization of R.B. Following a hearing, the trial court issued three journal entries on December 28, 2015, and a fourth on January 4, 2016, granting Hendon's motions. The first and second journal entries ordered counsel for R.B. to speak with her client and obtain specific information. The orders then compelled R.B.'s counsel to disclose this information to the trial court and a third party court-appointed expert. The third journal entry ordered the disclosure of R.B.'s medical records, which had already been received by the trial court and reviewed in camera, to defense counsel and the prosecution. The fourth journal entry ordered R.B.'s attorney to speak with R.B. "and determine a list of medical providers [that R.B.] sought for injuries associated with this case" and compelled R.B.'s counsel to provide that list to the trial court.

{¶4} R.B. filed a notice of appeal from the December 28, 2015 and January 4, 2016 orders on the grounds that the orders violate physician-patient privilege and/or attorney-client privilege. R.B. and the State filed separate motions to stay the proceedings pending the appeal.

The trial court did not explicitly rule on the motions to stay and the matter proceeded through the pretrial process.

{¶5} Subsequently, the State filed multiple subpoenas for the production of documents pursuant to Crim.R. 17(C). Several subpoenas were served to local medical providers instructing the medial records keeper at each provider to deliver records related to R.B.'s initial treatment and follow-up treatment. Additional subpoenas were served to R.B. instructing R.B. to do the following: (1) deliver to the trial court a list of counselors, psychologists, or other mental health providers that she sought for treatment associated with this case; (2) provide a list of medical providers she received treatment and follow-up from related to injuries incurred on the date of the alleged murders and attempted murder; (3) provide computer hard-drives, tablets, or smart phones she utilized to view, receive, or send information about the events of this case; and (4) provide passwords for social media accounts and emails created and accessed during a specific time period. The subpoenas stated that the requests for R.B.'s records, devices, and passwords were "[i]n order to be in compliance with [the trial court]'s orders issued on December 28, 2015."

{¶6} In response, R.B. filed a motion to quash the subpoenas issued to her and to her medical providers. Although the State issued the subpoenas, the State also filed a memorandum in support of R.B.'s opposition to the orders issued by the trial court on December 28, 2015, and January 4, 2016. The trial court did not explicitly rule on R.B.'s motion to quash.

{¶7} R.B. ultimately complied with the trial court's orders and the State's subpoenas by submitting a list of her medical providers, her mobile phone, and a computer to the trial court. The trial court then ordered her medical providers to disclose any and all records relating to the care she sought for injuries associated with the case. Upon receipt of R.B.'s medical records, the

trial court conducted an in camera inspection and in a February 1, 2016 journal entry, the trial court disclosed copies of some, but not all of, R.B.'s medical records to the State and defense counsel. These records were marked "CONFIDENTIAL AND FOR COUNSEL ONLY." Subsequently, R.B. filed a second notice of appeal on the grounds that the February 1, 2016 order violates her physician-patient privilege.

{¶8} This Court consolidated R.B.'s separate timely appeals in this matter. R.B. raises three assignments of error for our review. Although Hendon filed briefs in response to this Court's orders to address our jurisdiction and whether any of the issues on appeal were moot or could become moot, neither Hendon nor the State have filed a merit brief in this matter. Thus, we may accept R.B.'s statements of the facts and issues as correct and reverse the judgment if her briefs reasonably appear to sustain such action. App.R. 18(C). To facilitate our analysis, we elect to address R.B.'s sole assignment of error in case No. 28067, which relates to the February 1, 2016 order, together with her first assignment of error in case No. 28119, which relates to the December 28, 2015 and January 4, 2016 orders.

II.

### Assignment of Error I

**The trial court erred in its Orders dated December 28, 2015 by ordering [R.B.]'s privileged and confidential medical records to be produced without providing [R.B.] the opportunity to object.**

### Assignment of Error [II]

**The trial court erred in its Order dated February 1, 2016 by ordering [R.B.]'s privileged and confidential medical records to be produced without providing [R.B.] the opportunity to object.**

{¶9} In her first two assignments of error, R.B. contends that the trial court erred when it ordered the disclosure of her medical records without providing her with an opportunity to

object. Specifically, R.B. argues that the trial court erred by using an improper procedure to obtain her medical records and did not adequately consider that the documents sought were privileged and confidential.

{¶10} As a threshold matter, we must determine if the trial court's orders are properly before this Court as we only have jurisdiction to hear an appeal from a final judgment. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. "In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction." *In re Estate of Thomas*, 9th Dist. Summit No. 27177, 2014-Ohio-3481, ¶ 4. Generally, discovery orders are not immediately appealable because they are interlocutory. *Walters v. Enrichment Ctr. Of Wishing Well, Inc.*, 78 Ohio St.3d 118, 120-121 (1997). However, certain discovery orders may be final if they meet the requirements of R.C. 2505.02(B), which provides, in pertinent part:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> * * *
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

By statutory definition, a provisional remedy includes the discovery of a privileged matter. *See* R.C. 2505.02(A)(3).

{¶11} This Court has previously held that an order denying a motion to quash the subpoena of a non-party who claims a statutory privilege is final and appealable under R.C.

2505.02(B)(4). *See Wessell Generations, Inc. v. Bonnifield*, 193 Ohio App.3d 1, 2011-Ohio-1294, ¶ 13 (9th Dist.). Furthermore, there is no dispute that when an individual is ordered to disclose privileged or confidential information and materials and such information and materials are actually disclosed, the individual resisting the disclosure has no adequate remedy on appeal. *See Peppeard v. Summit Cty.*, 9th Dist. Summit No. 25057, 2010-Ohio-2862, ¶ 11. Thus, pursuant to R.C. 2505.02(B)(4), "[a] trial court's order is final and appealable to the extent it compels production of claimed privileged materials." *Id.* at ¶ 10.

{¶12} In this case, the December 28, 2015 and February 1, 2016 orders compelled disclosure of R.B.'s medical records, which she claims were privileged materials. Accordingly, those orders determined the issue as to the confidentiality of R.B.'s medical records and prevented judgment in her favor with respect to those issues. As the provisional remedy has already been determined by the trial court, R.B. would not be afforded a meaningful appeal after a final judgment since her allegedly privileged medical records would have been disclosed prior to the final judgment. Therefore, the December 28, 2015 and February 1, 2016 orders are final and appealable.

{¶13} Having determined that the orders at issue are final and appealable, we must now consider if the instant matter has become moot. A matter becomes moot when the issues "are no longer 'live.'" *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, ¶ 10, citing *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1975). In this case, although R.B. and the State filed motions to stay the proceeding pending the present appeal, the trial court never explicitly ruled on those motions. The trial court instead ordered R.B.'s medical records to be disclosed to defense counsel and the State and a final verdict was subsequently issued in the case.

**{¶14}** Nevertheless, there are exceptions to the mootness doctrine. First, "an appellate court may consider a moot appeal where it finds that the issues raised are capable of repetition yet evade review." *Boncek v. Stewart*, 9th Dist. Summit No. 21054, 2002-Ohio-5778, ¶ 11. This exception applies only when "(1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Cincinnati Enquirer v. Heath*, 121 Ohio St.3d 165, 2009-Ohio-590, ¶ 11 quoting *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231 (2000). "In addition, a court may consider the appeal if the appeal concerns a matter of public or great general interest." *Boncek* at ¶ 11.

**{¶15}** The issues raised in these assignments of error are: (1) whether a trial court can order a hospital to produce the personal medical records of a crime victim without giving him or her an opportunity to object; and (2) whether a trial court can disclose the privileged medical records of a victim to the state and defense counsel after an in camera review without giving the victim an opportunity to object. However, even assuming without deciding that the challenged actions of denying a non-party victim's motion to quash a subpoena, implicitly denying a non-party victim's motion to stay, and disclosing a non-party victim's medical records are too short in their duration to be fully litigated before a final judgment, we determine that no reasonable expectation exists that the same complaining party will be subject to the same action in the future.

**{¶16}** The Supreme Court of Ohio has broadly interpreted the same complaining party requirement to include subsequent litigants in similar circumstances. *See In re Huffer*, 47 Ohio St.3d 12, 14 (1989) (concluding that the issue of local school board's authority to make rules and regulations was capable of repetition, yet evading review, "since students who challenge school

board rules generally graduate before the case winds its way through the court system."); *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 5 (concluding that although the certified issue before the court was moot as to the appellant, the situation was capable of repetition yet evading review). However, "there must be more than a theoretical possibility that the action will arise again." *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 792 (10th Dist.1991). Although this court is sympathetic of the victim in this case, it is not obvious that the issues on appeal will be repeated since the criminal rules of discovery and the physician-patient privilege are clearly defined by law. Additionally, any further rights to be afforded to non-party victims is within the power of the General Assembly and although the treatment of crime victims may be a matter of great public interest, "[i]n Ohio, our Supreme Court is the primary judicial policymaker." *Id*.

{¶17} Accordingly, R.B.'s first and second assignments of error are moot.

### Assignment of Error [III]

**The trial court erred in its orders dated December 28, 2015 and January 4, 2016 by ordering [R.B.] to waive attorney-client privilege by disclosing information to counsel to be disclosed to the court and a defense expert in violation of Ohio Revised Code 2317.02(A) and the common law attorney-client privilege.**

{¶18} In her third assignment of error, R.B. contends the trial court erred when it ordered her to effectively waive attorney-client privilege when it ordered her to communicate information to her attorney and then subsequently compel her attorney to communicate that information to the trial court and third parties.

{¶19} As discussed above, this Court only has jurisdiction to hear an appeal from a final judgment. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. Certain discovery orders may be final and appealable if they meet the requirements of R.C. 2505.02(B) and this Court has explicitly held that pursuant to R.C. 2505.02(B)(4), "[a] trial court's order is final and

appealable to the extent it compels production of claimed privileged materials." *Peppeard*, 9th Dist. Summit No. 25057, 2010-Ohio-2862 at ¶ 11.

> **{¶20}** In this case, the first December 28, 2015 order states,
>
> > Counsel for [R.B.] shall speak with her client * * * and determine a list of counselors, psychologists, or other mental health providers [R.B.] sought for psychological treatment after January 1, 2014 for injuries associated with this case. [R.B.'s Counsel] shall provide the court with a complete list of such providers, ex-parte, on or before January 7, 2016.

The second December 28, 2015 order states,

> [R.B.] shall provide her attorney * * * a list of passwords for Facebook accounts she created and accessed from January 1, 2014 until the present. Additionally, [R.B.] shall provider her attorney * * * a list of email addresses and passwords for any email accounts she utilized from January 1, 2014 until the present to view, send, or receive information regarding this case.
>
> [R.B.'s attorney] shall communicate this information to the forensic expert previously appointed by the Court * * *.

Similarly, the January 4, 2016 order states,

> Counsel for [R.B.] shall speak with her client * * * and determine a list of medical providers [R.B.] sought for injuries associated with this case. [R.B.'s Counsel] shall provide the Court with a complete list of such providers, ex-parte, on or before January 7, 2016.

As these orders compel R.B.'s attorney to disclose information communicated to her by her client, they have determined the discovery issue and prevented judgment in favor of R.B. with respect to those issues. As the provisional remedy has already been determined by the trial court, we determine that Appellant would not be afforded a meaningful appeal after final judgment in this case as her claimed privileged communication with her attorney would be released prior to the final judgment. Therefore, as noted earlier, the December 28, 2015 and January 4, 2016 orders are final and appealable.

**{¶21}** However, having determined that the orders at issue in this assignment of error are final and appealable, we must now consider whether the matter has become moot since all of the information sought in the trial court's orders was provided to the court and the underlying criminal matter has reached a final verdict. *See Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844 at ¶ 10.

**{¶22}** The issue in R.B.'s third assignment of error is whether a trial court can order a non-party witness to communicate with her attorney and subsequently compel that attorney to disclose the content of the communication to the trial court and a third-party. "In Ohio, the attorney-client privilege is governed by statute, R.C. 2317.02(A), and in cases that are not addressed in R.C. 2317.02(A), by common law." *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 2005-Ohio-1508, ¶ 18. This statute reads in pertinent part:

> The following persons shall not testify in certain respects:
>
> (A)(1) An attorney, concerning a communication made to the attorney by a client in that relation or concerning the attorney's advice to a client, except that the attorney may testify by express consent of the client or, if the client is deceased, by the express consent of the surviving spouse or the executor or administrator of the estate of the deceased client. However, if the client voluntarily reveals the substance of attorney-client communications in a nonprivileged context or is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the attorney may be compelled to testify on the same subject.

R.C. 2317.02(A)(1). "R.C. 2317.02(A) provides a testimonial privilege – i.e., it prevents an attorney from testifying concerning communications made to the attorney by a client or the attorney's advice to a client. A testimonial privilege applies not only to prohibit testimony at trial, but also to protect the sought-after communications during the discovery process." *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010-Ohio-4469, ¶ 18, quoting *Jackson v. Greger*, 110 Ohio St.3d 488, 2006-Ohio-4968, ¶ 7, fn.1. Accordingly,

"[a]n attorney under R.C. 2317.02(A) cannot be compelled to testify concerning a communication made to him by his client absent a waiver of the attorney-client privilege." *State v. McDermott*, 73 Ohio App. 3d 689, 693 (6th Dist.1991).

{¶23} The common law attorney-client privilege reaches beyond the proscription against testimonial speech and protects against any dissemination of the information obtained from the confidential relationship. *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port. Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, ¶ 24. The common law attorney-client privilege applies

> (1)[w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.

*Nageotte v. Boston Mills Brandywine Ski Resort*, 9th Dist. Summit No. 26563, 2012-Ohio-6102, ¶ 8. Regardless, "R.C. 2317.02(A) provides the exclusive means by which privileged communications directly between an attorney and a client can be waived." *Greger* at paragraph one of the syllabus.

{¶24} In this case, R.B. voluntarily disclosed all of the information sought in the December 28, 2015 and January 4, 2016 orders to the trial court. "Because a client's voluntary disclosure of confidential communications is inconsistent with an assertion of the privilege, voluntary disclosure of privileged communication to a third party waives a claim of privilege with regard to communications on the same subject matter." *MA Equip. Leasing I, L.L.C. v. Tilton*, 10th Dist. Franklin Nos., 12AP-564, 12AP-586, 2012-Ohio-4668, ¶ 20. As R.B. voluntarily disclosed the information to the trial court, we conclude that the matter is now moot.

III.

{¶25}  R.B.'s first, second, and third assignments of error are moot.  Accordingly, R.B.'s appeals are dismissed.

Appeals dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

No costs are taxed.

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

ELIZABETH A. WELL, Attorney at Law, for Appellant.

TERI BURNSIDE, Attorney at Law, for Appellee.

DONALD J. MALARCIK, JR., Attorney at Law, for Appellee.